IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Janice White, | ) | |
|       Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | **E.R.I.S.A. - Non-Jury** |
| Prisma Health, and the | ) | |
| Legacy GHS/Tuomey Pension Plan, | ) | |
| | ) | |
|       Defendants. | ) | |

Plaintiff Janice White, by and through her undersigned counsel, complaining of the above-named Defendants would respectfully show unto this Honorable Court the following:

## PARTIES AND JURISDICTION

1. Plaintiff Janice White is a citizen and resident and citizen of Oconee County, South Carolina.

2. Upon information and belief, Defendant Prisma Health is a corporation organized under the laws of South Carolina.

3. Upon information and belief, Defendant Prisma Health is the Plan Administrator of the Defendant Legacy GHS/Tuomey Pension Plan.

4. Upon information and belief, the Legacy GHS/Tuomey Pension Plan is subject to the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. §1001, *et seq*.

## GENERAL ALLEGATIONS

5. All other allegations contained herein, to the extent that they are not inconsistent herewith, are incorporated by reference.

6. Prior to her retirement in 2020, Plaintiff Janice White was an employee of Defendant Prisma Health.

7. Plaintiff Janice White is a plan participant in the Defendant Legacy GHS/Tuomey Pension Plan.

8. Plaintiff's friend Judy Hozey was an employee of Greenville Health System (GHS), and Judy Hozey retired from GHS in 2016.

9. Plaintiff's friend Judy Hozey named Plaintiff Janice White as the beneficiary of Judy Hozey's interest in the Defendant Legacy GHS/Tuomey Pension Plan.

10. Judy Hozey informed Plaintiff Janice White that Ms. Hozey had named Plaintiff Janice White as her beneficiary.

11. Judy Hozey did not inform Plaintiff Janice White of the amount of Ms. Hozey's monthly pension benefit.

12. Judy Hozey passed away on January 23, 2020.

13. After Judy Hozey passed away, Plaintiff Janice White contacted Defendant Prisma Health about Judy Hozey's pension benefit.

14. On January 29, 2020, Defendant Prisma Health's "Retirement Programs Analyst" Elizabeth B. Talbert wrote Plaintiff Janice White to advise that

> I was sorry to learn of Judy's death. Judy was receiving a pension from the Legacy GHS/Tuomey Pension Plan. She had elected the "Ten Year Certain & Life" payment option. As her beneficiary, you are entitled to a monthly benefit of $4,376.00. This will be payable to you from March 1, 2020 through June 1, 2026.

15. Defendant Prisma Health's "Retirement Programs Analyst" Elizabeth B. Talbert subsequently provided several blank forms for Plaintiff Janice White to sign and return,

so that Defendant Prisma Health could process Plaintiff's claim for survivors benefits under the Legacy GHS/Tuomey Pension Plan.

16. On February 5, 2020, Janice White completed and returned the following forms to Elizabeth Talbert by e-mail:

   A. W-4 Federal Tax Withholding form;

   B. State Withholding Certificate for Pension Payments; and

   C. Electronic Deposit Authorization for Periodic Payments.

17. On February 6, 2020, Plaintiff Janice White met with her financial advisor to discuss the income that she would receive from Judy Hozey's pension and to make retirement-related decisions.

18. In reliance on Defendant Prisma Health's 1/29/20 letter indicating a $4,376.00/month pension benefit, and with the advice of her financial advisor, Plaintiff Janice White decided to retire from Prisma Health after more than 28 years of service.

19. In reliance on Defendant Prisma Health's written statement the Plaintiff would receive $4,376.00 pension benefit as Judy Hozey's beneficiary, Plaintiff Janice White decided to retire from her employment with Prisma immediately, draw the $4,376/month pension benefit, and defer filing for Social Security Retirement benefits in order to increase the amount of her Social Security Retirement benefit.

20. On February 7, 2020, Plaintiff submitted her formal written notice of retirement to her supervisor Erik Bilbo at Prisma Health.

21. In her February 7, 2020 written notice of retirement, Plaintiff Janice White advised Prisma Health's Erik Bilbo that her last day at work would be March 3, 2020.

22. On March 3, 2020, Defendant Prisma Health's Retirement Programs Analyst Elizabeth B. Talbert again wrote Plaintiff Janice White by U.S. Mail to advise that:

    > In my letter to you dated January 29, 2020, I had mistakenly stated the amount at $4,376.00 per month and I apologize for any inconvenience this may have caused.

    Ms. Talbert further advised that the monthly benefit should be $1,376.00.

23. Upon information and belief, Plaintiff Janice White received Ms. Talbert's 3/3/20 letter on March 5, 2020.

24. By the time she received Ms. Talbert's 3/3/20 letter, Ms. White had retired from her employment with Defendant Prisma Health.

25. Defendant Prisma Health misled Janice White regarding the amount of her Pension Plan benefit as the beneficiary of Judy Hozey.

26. Defendant Prisma Health failed to promptly notify Plaintiff Janice White of Defendant Prisma Health's error in calculating the amount of Plaintiff's pension benefit as Judy Hozey's beneficiary.

27. Plaintiff Janice White reasonably relied on Defendant Prisma Health's affirmative misrepresentations to her detriment when making important decisions about her financial future.

**FOR A FIRST CAUSE OF ACTION**
**Breach of Fiduciary Duty, Pursuant to 29 U.S.C. § 1104;**
**Estoppel and Surcharge, Pursuant to 29 U.S.C. § 1132(a)(3)**

28. Plaintiffs re-incorporates all other allegations herein, where not inconsistent, as if fully set forth herein.

29. Defendant Prisma Health owed a duty to give Plaintiff Janice White accurate and timely

information as to the amount of her pension benefit as beneficiary of Judy Hozey under the terms of the Legacy GHS/Tuomey Pension Plan.

30. Pursuant to 29 U.S.C. § 1104, Defendant Prisma Health had a duty to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

31. Defendant Prisma Health had a duty to communicate accurate information to Plaintiff regarding the amount of her pension benefit as beneficiary of Judy Hozey under the terms of the Legacy GHS/Tuomey Pension Plan, which Defendant Prisma Health knew that Plaintiff did not know, and which Defendant Prisma Health knew that Plaintiff needed to know regarding the amount of her pension benefit as beneficiary of Judy Hozey under the terms of the Legacy GHS/Tuomey Pension Plan as alleged above.

32. By affirmatively misleading Plaintiff in writing about the amount of her pension benefit as beneficiary of Judy Hozey under the terms of the Legacy GHS/Tuomey Pension Plan, Defendant Prisma Health breached the Prudent Man standard its duty to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims under 29 U.S.C. §1104.

33. Defendant Prisma Health had reason to know that Plaintiff, like all participants and beneficiaries in the Legacy GHS/Tuomey Pension Plan, would rely on Defendant Prisma

Health's representations regarding the amount of her pension benefit under the terms of the Legacy GHS/Tuomey Pension Plan.

34. Plaintiffs reasonably relied on Defendant Prisma Health's written representation regarding the amount of her pension benefit under the terms of the Legacy GHS/Tuomey Pension Plan.

35. Plaintiff's reasonable reliance on Defendant Prisma Health's written representations regarding the amount of her pension benefit was detrimental to Plaintiff, because Plaintiff did not know the amount of Judy Hozey's pension benefit.

36. Because Defendants affirmatively misinformed Plaintiff Janice White about the amount of her pension benefit, Plaintiff Janice White decided to to retire from her employment with Defendant Prisma Health.

37. Defendant Prisma Health had a duty to establish administrative processes and safeguards designed to ensure that benefit amounts and other terms were communicated accurately to Plan Participants.

38. Pursuant to 29 U.S.C. §1132(a)(3), under the facts and circumstances of this case, this Court should equitably estop Defendants Prisma Health from asserting that Plaintiff Janice White's pension benefit is less than $4,376/month.

39. Pursuant to 29 U.S.C. §1132(a)(3), Plaintiffs seek the equitable remedy of surcharge, based on the misconduct of Defendants Prisma Health, in the amount of $3,000 per month for the period from March 1, 2020 through June 1, 2026.

## PRAYER FOR RELIEF

WHEREFORE, having fully stated her Complaint against Defendant Prisma Health and Defendant Legacy GHS/Tuomey Pension Plan, Plaintiffs Janice White respectfully pray for the following:

(A) Pursuant to 29 U.S.C. §1132(a)(3) and 29 U.S.C. §1104, the Court order appropriate equitable relief in the form of the equitable doctrine of estoppel, so as to estop Defendants from asserting that Plaintiff Janice White's pension benefit is less than $4,376/month from March 1, 2020 through June 1, 2026;

(B) Pursuant to 29 U.S.C. §1132(a)(3) and 29 U.S.C. §1104, the Court decree appropriate equitable relief in the form of an injunction directing Defendants to pay Plaintiff Janice White the pension benefit of $4,376.00/month from March 1, 2020 through June 1, 2026; and

(D) Attorneys fees and costs, pursuant to 29 U.S.C. §1132(g)(1); and

(E) Other such equitable relief as the Court may deem appropriate pursuant to 29 U.S.C. §1132(a)(3).

Respectfully Submitted:

   s/John R. Peace
John Robert Peace, Fed ID #7411
PO Box 8087
Greenville, SC 29604-8087
Ph:     (864) 298-0500
Fax:    (864) 271-3130

**Attorney for Plaintiff Janice White**

September 9, 2020